**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| USAA Investment Management Company and USAA Federal Savings Bank | § § § § | |
| *Plaintiffs*, | | |
| v. | § § § | Civil Action No. 5:15-cv-1150-XR |
| Dana F. Teboe, Et Al. | | |
| *Defendants*. | | |

**ORDER**

On this date, the Court considered Dana Teboe's Motion for Partial Summary Judgment and alternative Motion to Dismiss for lack of subject matter jurisdiction (Dkt. No. 28).

## I.   Background

In 2009, a self-directed Individual Retirement Account was opened at USAA IMCO for Ray M. Teboe. Dana Teboe was named the beneficiary of that account. Ray Teboe died on March 23, 2015.

On June 9, 2015, Dana Teboe informed USAA that he was contemplating disclaiming his interest because his siblings were upset that he was named the sole beneficiary. Some time elapsed to allow the Teboe family an opportunity to resolve the dispute. No agreement has been reached and apparently the family members have differing positions on whether fraud has or has not occurred in the designation of Dana Teboe as sole beneficiary.

USAA has filed suit in this court seeking a declaratory judgment as to who is the proper recipient of the account. Alternatively, USAA seeks under Rule 22[1], 28 U.S.C. § 1335[2] and 28 U.S.C. § 2361[3] a determination as to who is the proper recipient.

---

[1]"Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though : (A) the claims of the several claimants, or the

1

## II.     Dana Teboe's Motion

Dana Teboe argues that as a matter of law he is the only named beneficiary on the account, the remaining Teboe family members have no right to assert a claim, and accordingly there are no adverse claimants as is required under the interpleader rules. Dana also seeks attorney's fees.

In addition, Dana argues that his siblings have no standing to assert a claim against the account and accordingly USAA's interpleader claim should be dismissed for lack of subject matter jurisdiction.

## III.     Jurisdiction

"Statutory interpleader is proper when a (1) stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry. 28 U.S.C. § 1335(a)." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414 (N.D. Tex. 2005). Federal Rule of Civil Procedure 22 interpleader does not require the deposit into the Court's registry. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976).

---

titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or(B) the plaintiff denies liability in whole or in part to any or all of the claimants." Fed. R. Civ. P. 22(a)(1)

[2] "[T]hree conditions must be met for granting interpleader status [under section 1335] and the exercise of original jurisdiction by a federal district court: (1) an amount in controversy in excess of $500.00; (2) the deposit by the plaintiff of such money or property into the registry of the court; and (3) the presence of two or more adverse claimants of diverse citizenship, as defined by 28 U.S.C. § 1332, who claim or may claim to be entitled to such money or property." *Shelter Life Ins. Co. v. Stallard*, No. 2:09CV9KS-MTP, 2010 WL 200013, at *3 (S.D. Miss. Jan. 14, 2010)

[3] "In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts where the claimants reside or may be found. Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C.A. § 2361.

"Interpleader actions are decided through a two-step process. The first step is for the Court to determine whether a proper case for interpleader is presented. To so find, the Court must determine that there is a single fund with adverse claimants to that fund. If the Court determines that the requirements for interpleader are met, the next stage of the litigation is to determine the rights of the claimants." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d at 415.

USAA Investment Management Company is a Delaware corporation with its principal place of business in Texas. USAA Federal Savings Bank is a federally chartered savings association with its principal place of business in Texas. The Teboe Defendants are citizens of Maine, California, New York, and Florida. Accordingly, there is complete diversity.

There is no dispute that there is a single fund in this case and that the value of the fund exceeds $500. In addition, there are adverse claimants to that fund. Dana claims he is personally entitled to the account. The "Sibling Teboe Defendants" claim that the account should be divided equally among the siblings. At least one of the Sibling Teboe Defendants claims that Dana has committed fraud and should receive no amount of the funds. Otherwise, another possible claimant could be the Estate of Ray Teboe. Dana's argument that his siblings have no standing to challenge the beneficiary designation and accordingly this Court lacks subject matter jurisdiction lacks merit. At this stage of the interpleader analysis, the Court does not assess the merits of the competing claims. See *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 194 (5th Cir.), *cert. denied sub nom. Noatex Corp. v. Auto Parts Mfg. Mississippi Inc.*, 136 S. Ct. 330 (2015)("Appellants confuse the two stages of interpleader. It is not for the district court, in determining whether interpleader is proper, to consider whether the competing claims are

3

meritorious. In fact, in the usual case, at least one of the claims will be quite tenuous.... [N]othing more is implied than that the claims alleged must meet a minimal threshold level of substantiality.  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed.)). "[E]ven the mere threat of multiple vexation by future litigation provides sufficient basis for interpleader." *Tittle v. Enron Corp.*, 463 F.3d 410, 424 n. 10 (5th Cir. 2006) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983)). Statutory interpleader under § 1335 is especially liberal, permitting a valid interpleader action if two claimants may claim to be entitled to the interpleader funds, even if there is not yet a claim.  *see also Marcus v. Dufour*, 796 F. Supp. 2d 386, 390 (E.D.N.Y. 2011), *aff'd sub nom. Marcus v. Haaker*, 481 F. App'x 19 (2d Cir. 2012).  Dana Teboe's motion to dismiss for lack of subject matter jurisdiction is denied.

## IV.    Dana Teboe's motion for summary judgment

As stated above, Dana's argument is that he is the sole designated beneficiary and is thus entitled to the proceeds of the account.  The Sibling Teboe Defendants oppose Dana's motion arguing that discovery is still underway and the motion is premature.  Alternatively, they argue that genuine issues of material fact exist as to whether Dana committed fraud or unduly influenced Ray Teboe in the transfer of his funds to Account No. 412.  They further argue that Dana and his attorneys have a conflict in interest in both representing the Estate of Ray Teboe and pursuing the account proceeds in Dana's individual capacity.  They argue that the Representative of the Estate should be advancing the arguments they are making, but that Dana is pursuing his own personal interests and not protecting the interests of the Estate as the Administrator should be doing.

In opposition to Dana's motion for summary judgment the Sibling Defendants attach an email written by Dana that appears to acknowledge he made some mistakes in handling his father's various accounts and Dana states that he owes his siblings $22,625.31. In addition, the Sibling Defendants proffer audio-taped conversations between Dana and a USAA representative wherein Dana acknowledges that it may have been improper for him to exercise a power of attorney on behalf of his father while simultaneously designating himself as a sole beneficiary on his father's account.

Genuine issues of material fact exist that require that the motion for summary judgment be denied at this time. In addition, discovery has not yet been completed and new attorneys of record are being retained.

## Conclusion

Dana Teboe's Motion to Dismiss for lack of subject matter jurisdiction is DENIED. Docket No. 28. Dana Teboe's motion for summary judgment is DENIED. Docket No. 28. Upon completion of discovery, all parties may file a dispositive motion should they in good faith be able to articulate that no genuine issues of material fact exist.

USAA and all parties are ordered to file an advisory within fourteen days stating their position as to whether USAA should be required to deposit into the registry of this Court all the funds at issue in this case (minus reasonable attorney's fees expended by USAA) and upon deposit of such funds whether dismissal of USAA is appropriate.

SIGNED this 10th day of November, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE